| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| **COUNTY OF** NEWBERRY | ) | |
| | ) | |
| Senn Freight Lines, Inc. | ) | **CIVIL ACTION COVERSHEET** |
| **Plaintiff(s)** | ) | |
| | ) | 2017-CP - 36- 00362 |
| vs. | ) | |
| | ) | |
| American Inter-Fidelity Exchange | ) | |
| **Defendant(s)** | ) | |

| **Submitted By:** W. Chad Jenkins | **SC Bar #:** | 16694 |
|---|---|---|
| **Address:** PO Box 190 | **Telephone #:** | 803-276-2532 |
| Newberry, SC 29108 | **Fax #:** | 803-276-8684 |
| | **Other:** | |
| | **E-mail:** | cjenkins@popeandhudgens.com |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

### DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

FILED NEWBERRY COUNTY 2017 JUL 18 PM 2:[...]  ELIZABETH [...] CLERK [...] COURT

### NATURE OF ACTION (Check One Box Below)

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☒ Fraud/Bad Faith (150) | 20____-NI-____-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** _/s/_    **Date:** 7/18/17

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (12/2015)                                                                                         Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | C/A #: 2017 – CP – 36 – _____ |
| COUNTY OF NEWBERRY | ) | |
| | ) | |
| Senn Freight Lines, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| American Inter-Fidelity Exchange, | ) | |
| | ) | |
| Defendants. | ) | |

**TO: DEFENDANTS SO NAMED ABOVE:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at Post Office Box 190, Newberry, South Carolina, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

POPE & HUDGENS, P.A.

_____
W. Chad Jenkins, SC Bar #16694
1508 College Street
Post Office Box 190
Newberry, South Carolina 29108
(803) 276-2532 (Phone)
(803) 276-8684 (Fax)

Attorneys for Plaintiff

Newberry, South Carolina
July ___, 2017

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | C/A #: 2017 – CP – 36 – _20362_ |
| COUNTY OF NEWBERRY ) | |
| ) | |
| Senn Freight Lines, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | (Jury Trial Demanded) |
| ) | |
| ) | |
| American Inter-Fidelity Exchange, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, complaining of the Defendant herein, would respectfully state as follows:

## JURISDICTION AND VENUE

1. Plaintiff Senn Freight Lines, Inc. (hereinafter "Senn") is a corporation domesticated in the State of South Carolina, County of Newberry and has its principal offices in Newberry County, South Carolina.

2. Defendant American Inter-Fidelity Exchange (hereinafter "Defendant" or "AIFE") is an Indiana domiciled insurance company that provides insurance products for the transportation industry. Upon information and belief, Defendant is registered with the South Carolina Department of Insurance to provide insurance policies in the State of South Carolina.

3. Defendant AIFE subscribed to accept premiums and cover losses under Commercial Auto Liability Policy Number L13A1515 and L14A4101 providing commercial liability coverage for claims against Plaintiff due to any negligent acts of Plaintiff's drivers during the course of transporting goods via automobile for Senn Freight. Defendant further issued Commercial General Liability Policy Number GL1404101 providing general liability coverage for Plaintiff.

4. Said policies originated on August 18, 2014 and the initial term was for one year.

1

The policies were rolled over or renewed on two separate occasions for a 1 year period.

5. Plaintiff's liabilities and the risk insured against were based out of Senn's home office in Newberry, South Carolina and upon information and belief, the Court of Common Pleas for the 8th Judicial Circuit, County of Newberry, is the proper jurisdiction and venue for this matter to be heard.

## GENERAL ALLEGATIONS

6. Senn applied for and received a commercial automobile policy for auto liability and general liability under Policy Numbers L13A1515, L14A4101 and GL1404101. Said policies were renewed on a yearly basis.

7. The premiums on said policy were based upon the number of miles incurred on the vehicles insured by the policy. Senn submitted monthly mileage reports and forwarded premiums based upon same to AIFE as agreed upon in the parties' contract for insurance.

8. In addition to the monthly premiums paid to the Defendant, Plaintiff also paid a $150,000 deposit at the beginning of said policy to cover premiums, deductibles and other costs should they not be paid as agreed upon.

9. Plaintiff overpaid the premiums on the policy, including the $150,000 deposit which was paid at the beginning of the policy period, in the amount of $120,385.73.

10. Pursuant to applicable South Carolina law, the policies provided by the Defendant included uninsured motorist coverage on each of Senn's vehicles with a limit of $75,000.00 per accident. Under same, should any of the insured vehicles owned by Senn be damaged in an accident with an at-fault driver who did not have insurance, Defendant would be responsible for said damages.

11. Senn's Drivers were involved in several accidents with uninsured drivers and all of said accidents were covered under the aforementioned policies.

12. Senn submitted claims for the accidents involving uninsured drivers as follows:

    a. Driver David Taylor (vehicle damages totaling $1,129.75)

    b. Driver Max Dean (vehicle damages totaling $35,183.52)

    c. Driver Donald H. Wetmore (vehicle damages totaling $6,561.79)

    d. Driver Butch Palmore (vehicle damages totaling $3,014.15).

Senn presented proper claims for damages in the total amount of $45,889.21 related to said accidents with uninsured drivers and to date, the Defendant have repeatedly refused and failed to pay same.

13. Plaintiff paid all premiums and other amounts owed and due under the policy of insurance throughout the policy terms. Despite said prompt and reasonable payments, the Defendant reported on numerous occasions that the premiums had not been paid and erroneously reported that the policy had been suspended or cancelled.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Each and every allegation asserted above is repeated as if stated verbatim herein.

15. Senn and Defendant entered into a binding contract of insurance whereby Senn would pay premiums and Defendants insure against claims arising from damage to Senn's vehicles by at-fault, uninsured drivers.

16. Senn performed all of its duties and obligations pursuant to the parties' contract of insurance.

17. Defendants failed to indemnify Senn for valid claims for damage to Senn's vehicles as stated above without cause.

3

18. Defendants' actions are in direct conflict with the parties' contact of insurance and the laws of the state of South Carolina and is a material and substantial breach of the contract between the parties.

19. Plaintiff is entitled to recover actual damages from the Defendants in the amount of $45,089.21, plus interest, together with the cost of this action.

## FOR A SECOND CAUSE OF ACTION
### (Insurance Bad Faith)

20. Each and every allegation asserted above is repeated as if stated verbatim herein.

21. Defendants have failed to discharge their contractual and statutory duties to the Plaintiff and have acted unreasonably and in bad faith with respect to the Plaintiff in one or more of the following particulars:

   A. In failing to acknowledge and confirm that it is obligated to pay the damages incurred by Senn due to the negligence of an uninsured, third-party driver.

   B. In failing to adequately or properly investigate the claims.

   C. In failing to timely handle the claims in accordance with the insurance contract.

   D. In denying the claims in bad faith and without justification.

22. Defendants have failed and refused to perform the duties created by the insurance contract and such failure to perform constitutes a material breach of the terms of the contract and a breach of covenant of good faith and fair dealing. Such acts of failing to perform are reckless, wanton and willful and without justification.

23. As a direct and proximate result thereof, Plaintiff has been and will be damaged further in the amount of attorney's fees and costs that have been incurred and is entitled to recover actual, consequential, and punitive damages and attorney's fees and costs associated

4

therewith.

## FOR A THIRD CAUSE OF ACTION
### (Conversion)

24. Each and every allegation asserted above is repeated as if stated verbatim herein.

25. Plaintiff paid all sums owed and due under the insurance contract and overpaid in the amount of $120,385.73.

26. Despite repeated demands, Defendant has failed and refused to account for said funds and has failed and refused to return said funds despite the insurance coverage being terminated and no longer provided.

27. Defendant has converted $120,385.73 of the aforesaid funds in which the Plaintiff owns the sole interest. Defendant has converted the funds to its own use and said conversion was without the permission of the Plaintiff. Said conversion was done recklessly and with a conscience indifference to the Plaintiff's rights.

28. Plaintiff is entitled to recover from the Defendant the amount of $120,385.73 together with legal interest from the date of the conversion and punitive damages to be determined by a jury.

## FOR A FOURTH CAUSE OF ACTION
### (Defamation)

29. Each and every allegation asserted above is repeated as if stated verbatim herein.

30. Defendant repeatedly reported to the United States Department of Transportation and the Federal Motor-Carrier Safety Administration that Senn had failed to pay it's premiums as due under the parties' insurance contract.

31. The false reports made by the Defendant impeached the honesty, integrity and business reputation of the Plaintiff Senn. Said reports were false and were made with the

5

malicious intent to damage the reputation of Plaintiff Senn. Defendant knew, or should have known, the falsity of said statements when making same.

    32.    Due to the false and malicious reports made by the Defendant, Senn has suffered damages as follows:

        a.    Embarrassment
        b.    Humiliation
        c.    Loss of Reputation
        d.    Loss of Good Name
        e.    Increased costs for insurance coverage

all of which are the direct and proximate result of the Defendant's defamatory statements against the Plaintiff.

    32.    Plaintiff is entitled to damage, both actual and punitive, together with the costs of this action.

BASED THEREON, Plaintiff Senn Freight Lines, Inc. is entitled to a judgment against the Defendant for damages, actual and punitive, in an amount to be determined by a jury.

                          Respectfully Submitted,

                          POPE & HUDGENS, P.A.

                          W. Chad Jenkins, SC Bar #16694
                          1508 College Street
                          Post Office Box 190
                          Newberry, South Carolina 29108
                          (803) 276-2532 (Phone)
                          (803) 276-8684 (Fax)

                          Attorneys for Plaintiff

Newberry, South Carolina
July 16, 2017

6