IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Senn Freight Lines, Inc. ) | C/A No: 8:17-cv-02186-TMC | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | **AMENDED COMPLAINT** | |
| ) | **(Jury Trial Demanded)** | |
| ) | | |
| American Inter-Fidelity Corporation, as ) | | |
| Attorney-in-fact for American Inter- ) | | |
| Fidelity Exchange. ) | | |
| ) | | |
| Defendants, ) | | |

Plaintiff, complaining of the Defendant herein, would respectfully state as follows:

## JURISDICTION AND VENUE

1.   Plaintiff Senn Freight Lines, Inc. (hereinafter "Senn") is a corporation domesticated in the State of South Carolina, County of Newberry and has its principal offices in Newberry County, South Carolina.

2.   Defendant American Inter-Fidelity Corporation (hereinafter "Defendant") is attorney in fact for American Inter-Fidelity Exchange (hereinafter "AIFE") and is an Indiana domiciled insurance company that provides insurance products for the transportation industry. Upon information and belief, Defendant is registered with the South Carolina Department of Insurance to provide insurance policies in the State of South Carolina. At all times referenced herein, AIFE was acting as an agent of Defendant American Inter-Fidelity Corporation.

3.   Defendant subscribed to accept premiums and cover losses under Commercial Auto Liability Policy Number L13A1515 and L14A4101 providing commercial liability coverage for claims against Plaintiff due to any negligent acts of Plaintiff's drivers during the

1

course of transporting goods via automobile for Senn Freight.   Defendant further issued Commercial General Liability Policy Number GL1404101 providing general liability coverage for Plaintiff.

4.     Said policies originated on August 18, 2014 and the initial term was for one year. The policies were rolled over or renewed on two separate occasions for a 1 year period.

5.     Plaintiff's liabilities and the risk insured against were based out of Senn's home office in Newberry, South Carolina and upon information and belief, the Court of Common Pleas for the 8th Judicial Circuit, County of Newberry, is the proper jurisdiction and venue for this matter to be heard.

## GENERAL ALLEGATIONS

6.     Senn applied for and received a commercial automobile policy for auto liability and general liability under Policy Numbers L13A1515, L14A4101 and GL1404101.  Said policies were renewed on a yearly basis.

7.     The premiums on said policy were based upon the number of miles incurred on the vehicles insured by the policy.  Senn submitted monthly mileage reports and forwarded premiums based upon same to AIFE as agreed upon in the parties' contract for insurance.

8.     In addition to the monthly premiums paid to the Defendant, Plaintiff also paid a $150,000 deposit at the beginning of said policy to cover premiums, deductibles and other costs should they not be paid as agreed upon.

9.     Plaintiff overpaid the premiums on the policy, including the $150,000 deposit which was paid at the beginning of the policy period, in the amount of $120,385.73.

10.    Pursuant to applicable South Carolina law, the policies provided by the Defendant included uninsured motorist coverage on each of Senn's vehicles with a limit of $75,000.00 per

accident. Under same, should any of the insured vehicles owned by Senn be damaged in an accident with an at-fault driver who did not have insurance, Defendant would be responsible for said damages.

11. Senn's Drivers were involved in several accidents with uninsured drivers and all of said accidents were covered under the aforementioned policies.

12. Senn submitted claims for the accidents involving uninsured drivers as follows:

    a. Driver David Taylor (vehicle damages totaling $1,129.75)

    b. Driver Max Dean (vehicle damages totaling $35,183.52)

    c. Driver Donald H. Wetmore (vehicle damages totaling $6,561.79)

    d. Driver Butch Palmore (vehicle damages totaling $3,014.15).

Senn presented proper claims for damages in the total amount of $45,889.21 related to said accidents with uninsured drivers and to date, the Defendant have repeatedly refused and failed to pay same.

13. Plaintiff paid all premiums and other amounts owed and due under the policy of insurance throughout the policy terms. Despite said prompt and reasonable payments, the Defendant reported on numerous occasions that the premiums had not been paid and erroneously reported that the policy had been suspended or cancelled.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

14. Each and every allegation asserted above is repeated as if stated verbatim herein.

15. Senn and Defendant entered into a binding contract of insurance whereby Senn would pay premiums and Defendants insure against claims arising from damage to Senn's vehicles by at-fault, uninsured drivers.

16. Senn performed all of its duties and obligations pursuant to the parties' contract

of insurance.

17.    Defendants failed to indemnify Senn for valid claims for damage to Senn's vehicles as stated above without cause.

18.    Defendants' actions are in direct conflict with the parties' contact of insurance and the laws of the state of South Carolina and is a material and substantial breach of the contract between the parties.

19.    Plaintiff is entitled to recover actual damages from the Defendants in the amount of $45,089.21, plus interest, together with the cost of this action.

## FOR A SECOND CAUSE OF ACTION
### (Insurance Bad Faith)

20.    Each and every allegation asserted above is repeated as if stated verbatim herein.

21.    Defendants have failed to discharge their contractual and statutory duties to the Plaintiff and have acted unreasonably and in bad faith with respect to the Plaintiff in one or more of the following particulars:

    A.    In failing to acknowledge and confirm that it is obligated to pay the damages incurred by Senn due to the negligence of an uninsured, third-party driver.

    B.    In failing to adequately or properly investigate the claims.

    C.    In failing to timely handle the claims in accordance with the insurance contract.

    D.    In denying the claims in bad faith and without justification.

22.    Defendants have failed and refused to perform the duties created by the insurance contract and such failure to perform constitutes a material breach of the terms of the contract and a breach of covenant of good faith and fair dealing.  Such acts of failing to perform are reckless, wanton and willful and without justification.

4

23. As a direct and proximate result thereof, Plaintiff has been and will be damaged further in the amount of attorney's fees and costs that have been incurred and is entitled to recover actual, consequential, and punitive damages and attorney's fees and costs associated therewith.

### FOR A THIRD CAUSE OF ACTION
### (Conversion)

24. Each and every allegation asserted above is repeated as if stated verbatim herein.

25. Plaintiff paid all sums owed and due under the insurance contract and overpaid in the amount of $120,385.73.

26. Despite repeated demands, Defendant has failed and refused to account for said funds and has failed and refused to return said funds despite the insurance coverage being terminated and no longer provided.

27. Defendant has converted $120,385.73 of the aforesaid funds in which the Plaintiff owns the sole interest. Defendant has converted the funds to its own use and said conversion was without the permission of the Plaintiff. Said conversion was done recklessly and with a conscience indifference to the Plaintiff's rights.

28. Plaintiff is entitled to recover from the Defendant the amount of $120,385.73 together with legal interest from the date of the conversion and punitive damages to be determined by a jury.

### FOR A FOURTH CAUSE OF ACTION
### (Defamation)

29. Each and every allegation asserted above is repeated as if stated verbatim herein.

30. Defendant repeatedly reported to the United States Department of Transportation and the Federal Motor-Carrier Safety Administration that Senn had failed to pay its premiums as

due under the parties' insurance contract.

31.     The false reports made by the Defendant impeached the honesty, integrity and business reputation of the Plaintiff Senn.  Said reports were false and were made with the malicious intent to damage the reputation of Plaintiff Senn.  Defendant knew, or should have known, the falsity of said statements when making same.

32.     Due to the false and malicious reports made by the Defendant, Senn has suffered damages as follows:

      a.    Embarrassment
      b.    Humiliation
      c.    Loss of Reputation
      d.    Loss of Good Name
      e.    Increased costs for insurance coverage

all of which are the direct and proximate result of the Defendant's defamatory statements against the Plaintiff.

33.     Plaintiff is entitled to damage, both actual and punitive, together with the costs of this action.

BASED THEREON, Plaintiff Senn Freight Lines, Inc. is entitled to a judgment against the Defendant for damages, actual and punitive, in an amount to be determined by a jury.

**POPE AND HUDGENS, P.A.**

By:     s/ W. Chad Jenkins
      W. Chad Jenkins
      Federal I.D. No. 7708
      cjenkins@popeandhudgens.com
      1508 College Street, PO Box 190
      Newberry, SC 29108
      Telephone (803) 276-2532
      Attorneys for Plaintiff

September 11, 2017