UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Senn Freight Lines Inc., )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>American Inter-Fidelity Corporation, *as* )<br>*Attorney-in-fact for American Inter-Fidelity* )<br>*Exchange*, )<br>)<br>Defendant/Counter-Claimant. )<br>_____ ) | C/A No. 8:17-cv-02186-JDA<br><br>**ORDER OF THE<br>MAGISTRATE JUDGE** |

Pending before the Court are the parties' cross motions for partial summary judgment. [Docs. 54, 55.] This matter is before the undersigned United States Magistrate Judge pursuant to Local Civil Rule 73.02(B)(1), D.S.C.; 28 U.S.C. § 636(c); the parties' consent to disposition by a magistrate judge [Doc. 65]; and the Order of reference by the Honorable Henry M. Herlong, Jr., dated October 4, 2019 [*id.*].

Plaintiff Senn Freight Lines, Inc. ("Senn"), commenced this action on July 18, 2017, by filing a Complaint in the Newberry County Court of Common Pleas. [Doc. 1-1.] Defendant American Inter-Fidelity Corporation ("AIFC") removed the action to this Court on August 17, 2017 [Doc. 1], and filed an Answer to the Complaint on August 24, 2017 [Doc. 6].

Thereafter, Senn filed an Amended Complaint on September 11, 2017, alleging claims for breach of contract, insurance bad faith, conversion, and defamation. [Doc. 11.] AIFC filed an Answer to the Amended Complaint and Counterclaim on September 25, 2017. [Doc. 13.] Senn filed an Answer to the Counterclaim on October 2, 2017. [Doc. 14.]

On September 10, 2019, both parties filed motions for partial summary judgment. [Docs. 54; 55.] On September 24, 2019, both parties filed responses in opposition to the opposing parties' motions. [Docs. 57; 58.]

On October 1, 2019, Judge Herlong held a bar meeting with the parties, in which he granted Senn's motion in part and directed the parties to file additional briefing within seven days. [Doc. 64.] The parties then consented to refer the action to the magistrate judge for disposition, and Judge Herlong entered an Order referring the matter to the undersigned on October 4, 2019. [Doc. 65.] The undersigned then held a telephonic status conference with the parties on October 9, 2019, and suspended the briefing schedule with regard to Senn's conversion claim, but required the parties to file supplemental briefs as to the breach of contract and bad faith claims. [Docs. 67, 68.]

On October 8, 2019, the parties filed their supplemental briefs. [Docs. 69; 70.] On October 21, 2019, AIFC filed a supplemental affidavit in support of its position. [Doc. 73.] Accordingly, the cross motions for partial summary judgment are now ripe for review.

## **BACKGROUND**

This matter arises from liability claims asserted by Senn against its insurer, AIFC, pursuant to certain insurance contracts, as contained in policy numbers L13A1515, L14A4101, and GL1404101, providing commercial liability coverage and general liability coverage (the "Policies"). [Doc. 11 ¶ 3.] Specifically, Senn alleges that it presented proper uninsured motorist ("UM") claims to AIFC under the Policies in the total amount of $45,889.21, related to four separate accidents involving uninsured drivers. [*Id.* ¶ 12.] Senn alleges that AIFC has repeatedly refused and failed to pay Senn's claims even though the accidents were covered by the Policies. [*Id.* ¶¶ 11–12.] As such, Senn commenced this

action, asserting claims for breach of contract [*id.* ¶¶ 14–19], insurance bad faith [*id.* ¶¶ 20–23], conversion with respect to the overpayment of premiums [*id.* ¶¶ 24–28], and defamation [*id.* ¶¶ 29–33].

As noted, the parties have filed cross motions for partial summary judgment as to Senn's breach of contract and bad faith claims. [Docs. 54; 55.] The parties have presented numerous arguments in their motions and supporting briefs. [Docs. 57; 58; 69; 70.] The Court will address the parties' arguments relevant to the Court's analysis in the discussion section below.[1]

## **STIPULATED FACTS**

The parties have stipulated to the following facts. [Doc. 53.] Senn is a South Carolina Corporation that transports goods on flatbed trailers throughout the forty-eight contiguous states. [*Id*. ¶ 1.] AIFC is a reciprocal inter-insurance exchange domiciled in Indiana that provides insurance products for its subscribers and is registered to provide insurance policies in South Carolina. [*Id*. ¶ 2.] AIFC issued policy number L13A1515, effective August 1, 2013, to August 1, 2014, to Senn providing auto liability coverage pursuant to the terms and conditions of the policy and agreement. [*Id*. ¶ 3.] AIFC issued policy number L14A4101 to Senn, effective August 18, 2014, providing auto liability coverage pursuant to the terms and conditions of the policy and agreement. [*Id*. ¶ 4.] Senn procured a policy issued by Underwriters at Lloyd's, London, effective August 1,

---

[1]The undersigned notes that the parties have presented numerous arguments in their summary judgment motions that are not addressed herein. While the Court has carefully considered each of the arguments made by the parties, the Court only addresses those arguments needed to resolve the issues now before the Court. The Court makes no determination as to the other issues and arguments raised by the parties in their respective motions and briefs.

2013, to August 1, 2014, and renewed as effective August 1, 2014, to August 1, 2015.  [*Id*. ¶ 5.]  The policies that AIFC issued to Senn contained endorsements for UM coverage with limits of $75,000 during the time that Senn's policies were in effect.  [*Id*. ¶ 6.]  Senn submitted claims to AIFC for accidents involving uninsured drivers totaling $45,889.21.  [*Id*. ¶ 7.]  AIFC denied the claims, asserting that the UM coverage provided in the Policies was "excess coverage," meaning that it was payable only after all other collectible insurance of any kind was exhausted.  [*Id*. ¶ 8.]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

4

allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**The Parties' Arguments**

The Court will begin with a brief summary of the parties' relevant arguments. The substantive argument that is at the center of the debate between the parties here is AIFC's argument that Senn has failed to demonstrate that it is entitled to recover UM benefits under the Policies. [Doc. 58 at 7.] According to AIFC, the UM endorsement states that coverage is provided for "all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.'" [*Id.* (internal quotation marks omitted).] AIFC maintains that Senn has failed to show that it has a judgment against the owner or driver of an uninsured motor vehicle and therefore has failed to establish that it is legally entitled to UM coverage ("the Judgment Argument"). [*Id.*] As such, AIFC contends that Senn's claims for breach of contract and bad faith fail as a matter of law. [*Id.* (citing *Collins v. Auto-Owners Ins. Co.*, 759 F. Supp. 2d 728, 738–39 (D.S.C. 2010); *Wilkins v. State Farm Mut. Ins. Co.*, No. 3:06-cv-334-CMC, 2008 WL 2690240, at *10 (D.S.C. July 1, 2008).]

In response, Senn contends that AIFC's assertion of the Judgment Argument—which AIFC asserted for the first time in its response opposing Senn's summary judgment motion—comes too late. [Doc. 70 at 4–5.] Senn argues that by failing to raise the Judgment Argument at the pleading stage, AIFC waived it. [*Id.*] Senn notes that, in denying the UM claims, AIFC relied only on its "faulty interpretation of the terms of the insurance contract and the alleged late binding of the policy." [*Id.*] Senn maintains that, because discovery is complete and the time for filing motions has passed, AIFC should not be allowed to assert this additional ground for denial of coverage. [*Id.*]

Further, as to the merits of the Judgment Argument, Senn contends that it is not required to obtain a judgment against an at-fault, uninsured driver before proceeding with its claims in this action. [*Id*. at 4.] In taking this position, Senn emphasizes that AIFC has never contested the damages and never contested the liability of the uninsured drivers, including in AIFC's pleadings or discovery responses in this case or in deposition testimony. [*Id*. at 6.]

AIFC disputes Senn's contention that AIFC has waived the Judgment Argument or is estopped from making it.[2] [*Id*. at 4.] AIFC argues that Senn bears the burden of showing that it is entitled to recover under the UM policy. [*Id*. (citing *Sunex Int'l Inc. v. Travelers Indem. Co.*, 185 F. Supp. 2d 614, 617 (D.S.C. 2001)).] AIFC contends that in advancing the Judgment Argument, it is not asserting an affirmative defense, but instead merely arguing that Senn has not met its burden by establishing legal liability of the uninsured motorists, which is a precedent condition to recovery on its claims. [*Id*. at 4–5 (citing *Adcock v. Allstate Ins. Co.*, 1991 WL 116308, 936 F.2d 567 (4th Cir. 1991) (table decision).]

For similar reasons, AIFC maintains that the Judgment Argument is correct on its merits. [Doc. 69.] AIFC argues that it is not liable on the Policies because Senn failed to institute suit against the purported uninsured drivers. [*Id.*] AIFC further asserts that "[Senn] can no longer file such an action against any of the alleged uninsured motorists because

---

[2]The undersigned treats Senn's argument that AIFC has waived its Judgment Argument as also asserting that AIFC should be estopped from asserting the Judgment Argument. For the reasons herein, the undersigned finds both that AIFC has not waived the Judgment Argument and should not be estopped from raising it at this stage. The Court's analysis applies equally to both waiver and estoppel.

7

the statute of limitations for bringing such an action has passed." [*Id.* at 3 n.1.] Accordingly, AIFC argues as a matter of law that it is not liable under the Policies and it did not act in bad faith by failing and refusing to perform the duties created by the insurance contracts.

**Analysis**

As the Court will explain, the Court concludes that the Judgment Argument is correct as a matter of law and that AIFC has not waived the argument.[3] For the sake of efficiency, the Court will begin its discussion with the substantive argument and then turn to the issue of waiver.

*The Merits of the Judgment Argument*

The South Carolina statute governing UM provisions provides:

> No action may be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the uninsured motorist provision. The insurer has the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear. The evidence of service upon the insurer may not be made a part of the record.

---

[3]Because the Court concludes that these two issues are dispositive of the breach of contract and bad faith claims, the Court makes no determination as to the merits of the other issues argued by the parties with respect to these two claims. Additionally, the Court does not consider Senn's claims for conversion and defamation at this time.

S.C. Code Ann. § 38-77-150(B).[4] The Supreme Court of South Carolina has evaluated the statute providing for underinsured motorist ("UIM") benefits, which contains similar wording to the UM statute, in deciding "[w]hether an insured's failure to comply with [the statute] bars recovery of underinsured motorist benefits." *Williams v. Selective Ins. Co. of Se.*, 446 S.E.2d 402, 403 (S.C. 1994). Like the statute for UM benefits noted above, the statute for UIM benefits provides that "[n]o action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision." S.C. Code § 38-77-160; *see also DTG Operations, Inc. v. Robinson*, No. 4:10-cv-02750-RBH, 2011 WL 13079931, at *4 (D.S.C. May 5, 2011) ("The South Carolina Supreme Court interprets the language of the UM statute . . . as identical to the language of the corresponding UIM statute."). In *Williams*, based on facts similar to those in the present case, the South Carolina Supreme Court concluded as follows:

> Under [the UIM] provision, summary judgment was properly granted [for] Insurer because [the insured] failed to comply with the requirement that she serve on Insurer copies of pleadings in an action against the at-fault driver. Further, an action against the at-fault driver can never be brought since the statute of limitations has run on that cause of action. Since § 38-77-160 bars an action for underinsured benefits absent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier, [the insured] cannot maintain her action against Insurer.
>
> We note that the intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured

---

[4]Among other provisions, the Policies at issue here provide the following with regard to coverage of UM claims: "We will pay in accordance with the South Carolina Uninsured Motorists Law all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.'" [Doc. 53-2 at 9.]

9

> benefits. An insured must therefore preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured motorist benefits. In the event the insured chooses to settle with the at-fault party's liability carrier, the underinsured carrier has the option to assume control of the defense of the action as provided in § 38-77-160. In this case, [the insured's] failure to pursue an action against the at-fault driver resulted in a total waiver of Insurer's right to defend. The purpose of § 38-77-160 is to avoid such a result.

446 S.E.2d at 404 (footnote omitted). As such, because "South Carolina law expressly provides that when an insured seeks compensation under [the UM] provision, the insured must serve copies of pleadings against the at-fault motorist prior to commencing any action against the [UM] insurer." *Potylicki v. Allstate Ins. Co.*, 386 F. App'x 435, 437 (4th Cir. 2010) (affirming summary judgment for the insurer "[b]ecause South Carolina law explicitly requires that an insured serve his UIM insurer with pleadings filed in a suit against the at-fault motorist prior to commencing *any action*"); *see also Uldrick v. State Farm Mut. Auto. Ins. Co.*, No. 8:17-cv-02728-TMC, 2018 WL 9988598, at *2 (D.S.C. Mar. 2, 2018) ("[F]ailure to pursue an action against the at-fault driver results in a total waiver of the insurer's right to defend, which is the exact result that this statute was meant to avoid.").

In light of the above, courts in South Carolina and in this District have consistently held that recovery of UM (and UIM) benefits are precluded in a breach of contract action where the insured has failed to comply with the statute. *See, e.g., Lawson*, 180 S.E.2d at 644 ("Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist."); *Martin v. Bristol W. Ins. Co.*, No. 4:15-cv-04134-RBH, 2016 WL 4455157, at *3 (D.S.C. Aug. 24, 2016) ("Other decisions within this district likewise recognize that if a plaintiff fails to serve upon the UIM

10

insurer copies of the pleadings from the action establishing the tortfeasor's (e.g., the at-fault driver's) liability, the failure to serve constitutes a procedural bar to an action brought against the UIM insurer; this bar applies to both contract and tort claims asserted against the UIM insurer.") (collecting cases); *Wilkins*, 2008 WL 2690240, at *10 (same); *Cobb v. Benjamin*, 482 S.E.2d 589, 594 (S.C. Ct. App. 1997) ("Where the statute of limitations on the tort claim expires with no action having been commenced, a UIM claim is foreclosed."). Accordingly, Senn's breach of contract claim fails as a matter of law because Senn has not established liability by filing a tort action against the at-fault, uninsured drivers.

Likewise, Senn's bad faith claim is precluded on this same basis. *See, e.g., DTG Operations, Inc.*, 2011 WL 13079931, at *5 ("The mandatory notice provision in Section 38-77-150 is a prerequisite to asserting a claim for UM benefits, and compliance with the statute operates to trigger the duty of good faith. Because Defendants have failed to comply with Section 38-77-150, they are precluded from recovering UM benefits or pursuing a bad faith claim against Thrifty at this time. As such, the Defendants cannot establish a genuine issue of material fact as to their entitlement to UM benefits or Thrifty's violation of its alleged duty of good faith, and Thrifty is entitled to summary judgment on these issues."). *In DTG Operations, Inc.*, the court granted summary judgment in favor of the defendants on the plaintiff's claim for UM benefits and bad faith and explained as follows:

> The South Carolina Supreme Court interprets the language of the UM statute quoted above as identical to the language of the corresponding UIM statute, Section 38-77-160. *Franklin v. Devore*, 327 S.C. 418, 423 (Ct. App. 1997) (noting the relevant portions of ¶ 38-77-150 and ¶ 38-77-160 requiring service of the pleadings are identical and should be construed as such). In *Williams v. Selective Ins. Co.*, the South Carolina Supreme

11

> Court found that the plaintiff was precluded from pursuing a first-party bad faith claim because she failed to comply with the mandatory notice provisions required to establish entitlement to UIM benefits. *Williams*, 315 S.C. 532 (1994) (holding "summary judgment was properly granted Insurer because [plaintiff] failed to comply with the requirement that she serve on Insurer copies of pleadings in an action against the at-fault driver"). The *Williams* court held that "[s]ince ¶ 38-77-160 bars an action for underinsured benefits absent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier," the plaintiff could not maintain her action for bad faith. *Id.* at 534. Similarly, the South Carolina Court of Appeals has held that "[t]he requirement of service in the [UIM] statute is absolute." *Ex parte Allstate Ins. Co.*, 339 S.C. 202, 205 (Ct. App. 2000). In *Ex parte Allstate*, the court held that the plaintiff's attempt to serve copies of the pleadings after the trial court entered judgment against the at-fault driver did not comply with Section 38-77-160, and the plaintiff was therefore barred from recovering UIM benefits. *Id.* ("To allow service on a UIM carrier after that action has been tried would defeat the purpose of granting the UIM carrier the right to 'appear and defend.'"). Thus, as the court stated in *Myers v. State Farm Mut. Auto. Ins. Co.*, "the carrier's duty to act in good faith regarding underinsured benefits arises *after* the insured brings suit against the at-fault driver and serves the carrier with process." *Halmon v. American Int'l Grp., Inc. Ins. Co.*, 586 F. Supp. 2d 401, 408 (D.S.C. 2007) (quoting *Myers*, 950 F. Supp. 148, 150 (D.S.C. 1997)). The same logic would follow for UM benefits.

2011 WL 13079931, at *4; *see also Halmon*, 586 F. Supp. 2d at 405. Here, because Senn has failed to comply with § 38-77-150, it is precluded from recovering UM benefits or pursuing a bad faith claim against AIFC at this time. Accordingly, AIFC is entitled to summary judgment on Senn's bad faith claim as well.

The Court notes that some decisions in this District have found that an insured may proceed on a bad faith claim for denial of UM or UIM coverage without a judgment against the at-fault, uninsured drivers. *See., e.g., Tucker v. Peerless Ins. Co.*, No. 4:13-

cv-01809-BHH, 2017 WL 839532, at *5 (D.S.C. Mar. 3, 2017) ("In light of the foregoing case law, the Court rejects Defendant's assertions that Plaintiff's bad faith claim should be dismissed as premature.") (collecting cases); *Auto-Owners*, 2015 WL 11027032, at *2 (agreeing with cases finding duty of good faith arises at the latest when an insured brings suit against the at-fault driver and serves the carrier with process); *Myers*, 950 F. Supp. at 150 & n.1 (assuming "the duty to act in good faith at least arose after the insured brought suit against the at-fault drivers and served the carrier with process" but declining to decide "whether the insurer's duty to act in good faith arises at the moment the underinsured policy is written"); *Wilkins*, 2008 WL 2690240, at *6 & n.11 ("assum[ing] without deciding that a duty of good faith and fair dealing arises at least upon an insurer's receipt of notice of an insured's claim under a UM policy" and declining to "resolve when the duty first arises in light of its determination that no duty was breached in the present case").

However, these cases are distinguishable from the facts and circumstances of the present action. Importantly, in *Tucker*, the court noted that cases permitting a bad faith action for UM claims to proceed provide that "an insurer has a duty to act in good faith towards the insured *once the insured files a claim against the at-fault driver*," even if the insured does not serve such pleadings on the insurer or obtain a judgment against the at-fault driver. *Tucker*, 2017 WL 839532, at *5 (emphasis added). Thus, a bad faith claim may proceed against the insurer so long as a claim has been made by the insured against the at-fault, uninsured driver, even if the insured has not obtained a judgment or even served the pleadings on the insurer. In this case, however, there is no evidence that Senn has made a claim against the at-fault drivers. And, the cases cited above, while finding that the duty of good faith arises at the latest when an action is commenced against the at-fault

13

driver, have declined to find that the duty arises before that time. Based on a review of all relevant cases, the undersigned concludes for the purposes of this case that the insurer's duty of good faith arises with the commencement of an action against the tortfeasor. *See DTG Operations, Inc.*, 2011 WL 13079931, at *5 ("[C]ompliance with the statute operates to trigger the duty of good faith."). Because there is no indication that Senn initiated any action against the at-fault drivers for the accidents at issue here, it cannot establish that AIFC breached a duty of good faith.

### *Waiver*

As noted, Senn maintains that, even if the Judgment Argument is legally correct, AIFC waived the argument because it amounts to an affirmative defense that AIFC did not raise at the pleading stage. The Court disagrees.

Rule 8(c) of the Federal Rules of Civil Procedure provides that "a party must affirmatively state any avoidance or affirmative defense" in response to a pleading. Fed. R. Civ. P. 8(c). The Fourth Circuit has defined such defenses as

> the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true. Generally speaking, affirmative defenses share the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to.

*Bryant Real Estate, Inc. v. Toll Bros., Inc.*, 106 F. App'x 182, 185–86 (4th Cir. 2004) (quoting *Emergency One, Inc. v. American Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003)). South Carolina state courts similarly define an affirmative defense. As the South Carolina Court of Appeals has recently explained,

> "An affirmative defense conditionally admits the allegations of the complaint, but asserts new matter to bar the action. In

14

> other words, *it assumes all elements of the plaintiff's case have been established*. Because the plaintiff is taken to have proved a good cause of action, the burden of proof shifts to the defendant to show he is not liable. On the other hand, *where the defendant pleads special matter that denies an element of the plaintiff's cause of action, the defense is not affirmative and the burden of proof remains on the plaintiff to establish his case*."

*Garrison v. Target Corp.*, — S.E.2d —, No. 2017-000267, 2020 WL 216297, at *14 (S.C. Ct. App. Jan. 15, 2020) (emphasis added) (quoting *O'Neal*, 309 S.E.2d at 779).

Generally "[a]n affirmative defense is waived if not pled." *RIM Assocs. v. Blackwell*, 597 S.E.2d 152, 159 (S.C. Ct. App. 2004); *see also S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 373 (4th Cir. 2003). "Absent unfair surprise and prejudice to a plaintiff, however, a defendant may raise an affirmative defense for the first time in a dispositive pre-trial motion." *Babb v. Lee Cty. Landfill SC, LLC*, 298 F.R.D. 318, 323 (D.S.C. 2014) (citation omitted); *see also S. Wallace Edwards & Sons, Inc.*, 353 F.3d at 373–74 (holding that insurer waived affirmative defense by failing to raise the issue until the summary judgment stage because the delayed assertion of the defense caused unfair surprise to and prejudiced the opposing party); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983) ("[W]here the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal."). "This is because [t]he Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grunley Walsh U.S., LLC v. Raap*, 386 F. App'x 455, 459 (4th Cir. 2010) (collecting cases) (internal citations and quotation marks omitted). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to

15

comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.* (internal quotation marks omitted).

These principles notwithstanding, the Court agrees with AIFC that the Judgment Argument does not constitute an affirmative defense and thus AIFC did not waive it by asserting it for the first time at the summary judgment stage. Here, AIFC's substantive argument—that Senn cannot recover on its claims for breach of contract or bad faith because Senn has not established the liability of the uninsured motorist—is not an affirmative defense because it is a necessary element of Senn's claims, rather than a new matter that would preclude liability even if all of the elements of the claims were established. Critically, establishing liability on the part of the uninsured driver is a precedent condition to establishing the insurer's liability for UM coverage. As noted in a similar case in this District regarding claims similar to those raised here,

> "Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist." *Lawson v. Porter*, 256 S.C. 65, 68, 180 S.E.2d 643, 644 (1971). The statute is also clear on this point, saying that "[n]o action may be brought under the underinsured motorist provision unless copies of the pleadings in the action *establishing liability* are served in the manner provided by law upon the insurer writing the underinsured motorist provision." S.C.Code Ann. § 38-77-160 (2006) (emphasis added).
>
> It is clear that the law governing insurance contracts like the one in question safeguards the insurer's right to defend its interests in any action establishing liability. To this end, which party is at-fault must be established in a court of law before insurers are contractually required to disburse UIM benefits. *This is a prerequisite to the insurer's performance of the insurance contract provision in question. Since Plaintiff has not yet established that Washington was the at-fault driver in the state court proceeding, Defendant cannot have breached its contract with Plaintiff by refusing to disburse UIM benefits.*

*Halmon v. Am. Int'l Grp. Ins. Co.*, 586 F. Supp. 2d 401, 404–05 (D.S.C. 2007) (emphasis added). The same is true in this case where the UM policy provisions and state law require that liability be established as to the at-fault drivers before AIFC's contractual duty to provide UM benefits arises.[5] And similarly, AIFC's contractual duty to provide benefits is triggered only by Senn's instituting suit against the uninsured motorists. *See DTG Operations, Inc.*, 2011 WL 13079931, at *5 ("[C]ompliance with the statute operates to trigger the duty of good faith."). Accordingly, the Judgment Argument asserts that Senn has failed to establish the elements of its claims; thus, it is not an affirmative defense.[6]

---

[5] Although Senn argues that the uninsured drivers' liability is not disputed in this case, there is no evidence in the record that AIFC has conceded liability. Indeed, AIFC has consistently denied coverage for Senn's asserted claims. The Amended Complaint alleges that Senn submitted proper claims for damages in the total amount of $45,889.21 for the four accidents involving uninsured drivers, but that AIFC has "repeatedly refused and failed to pay the same." [Doc. 11 ¶ 12.] The Amended Complaint also alleges that AIFC failed to indemnify Senn "for valid claims for damage to [its] vehicles as state above without cause." [*Id*. ¶ 17.] In its Answer to the Amended Complaint, AIFC challenges these allegations with a general denial. [Doc. 13 ¶¶ 9, 12.] Based on all of the evidence and documents in the record in this case, AIFC has consistently denied Senn's claim for UM coverage, arguing that Senn is not entitled to it.

[6] *Earthscapes Unlimited, Inc. v. Ulbrich*, 703 S.E.2d 221 (S.C. 2010), on which Senn relies, does not help Senn's cause. The argument that the defendants in that case sought to raise after the pleading stage—namely, that the plaintiff could not enforce a contract because the plaintiff did not have the license required by S.C. Code §§ 40-11-20, -30, and -370, *see* 703 S.E.2d at 224, is simply of a different type than the argument at issue in the present case. On the other hand, *Johnson v. Allstate Ins. Co.*, 961 So. 2d 1113, 1114 (Fla. Dist. Ct. App. 2007), is instructive. In that case, the plaintiffs, South Carolina residents, appealed a Florida trial court's order granting the insurer's motion to dismiss their complaint seeking UM benefits on the ground that their action was barred by South Carolina's three-year statute of limitations. *Johnson v. Allstate Ins. Co.*, 961 So. 2d 1113, 1114 (Fla. Dist. Ct. App. 2007). The Court of Appeal agreed with the plaintiffs that the trial court erred in basing its dismissal on the statute of limitations, but nevertheless affirmed "the trial court's dismissal because South Carolina law requires that the [plaintiffs] file an action against the tortfeasor prior to filing the uninsured motorist complaint, an act that they have failed to do." *Id*. (citing S.C. Code § 38-77-160 and *Williams v. Selective Ins. Co.*, 446 S.E.2d 402, 404 (S.C. 1994)). The Court of Appeal held that, "[u]nder South Carolina law, an insured may

Further, even if the Judgment Argument were treated as an affirmative defense, the assertion of that defense at this stage of the litigation and under the facts and circumstances of this case would not constitute unfair surprise or prejudice to Senn such that the argument would be waived. While AIFC's initial denials of the UM claims may have been premised on other arguments related to the policy provisions, AIFC's position has been consistent that Senn is not entitled to recovery under the Policies. That AIFC, at the summary judgment stage of this case, advances a different argument under state law to support its denial of the UM claims cannot reasonably be said to constitute a surprise or prejudice to Senn. As the Fourth Circuit noted in *Adcock,* "[n]ot only should [the insured's] attorney have been able to tell him what the insurance policy and the law clearly stated, but [the claims adjustor's] denial of his claim should have removed any doubt as to what [the insurer] intended to pay. The knowledge element of equitable estoppel requires reasonable diligence in finding the truth." *Adcock*, 1991 WL 116308, at *1. As explained above, state law clearly provides, consistent with the UM provisions of the Policies here, that the uninsured drivers' liability must be established. Senn is charged with knowing the Policies'

---

not bring an action against an insurer on the uninsured motorist provision of the insured's auto insurance contract unless the insured has brought an action against the at-fault driver" and that "[h]aving failed to file pleadings establishing the liability of the tortfeasor as required by South Carolina law, the [plaintiffs] may not bring an action for breach of contract on the uninsured motorist provision of their contract with Allstate." *Id.* at 1115. Important to the waiver issue raised in this case by Senn, the Court of Appeal noted, "[Plaintiffs] point out that Allstate did not argue the South Carolina requirement to establish the liability of the tortfeasor prior to bringing the action against Allstate as a defense below. Allstate's failure to do so, however, is not fatal to its position." *Id.* (concluding "the cause of action is barred under South Carolina law"). The undersigned notes that *Johnson* is consistent with cases holding that a party's duty to perform on a contract does not arise until the conditions precedent to the duty have occurred or have been excused. *See, e.g., McGill v. Moore*, 672 S.E.2d 571, 575 (S.C. 2009).

18

requirements and state law and with notice that such arguments might be raised in defending an action for the UM claims it has asserted against AIFC.

For all of these reasons, the Court concludes that AIFC did not waive the Judgment Argument by presenting it for the first time in response to Senn's summary judgment motion.[7] Thus, in light of the Judgment Argument, the undersigned concludes that AIFC is entitled to summary judgment on Senn's claims for breach of contract and bad faith.

## **CONCLUSION AND ORDER**

Wherefore, based upon the foregoing, it is ordered that AIFC's motion for partial summary judgment [Doc. 54] is GRANTED and that Senn's motion for partial summary judgment [Doc. 55] is DENIED. It is further ordered that Senn's claims for breach of contract and bad faith are DISMISSED. Senn's claims for conversion and defamation remain pending.[8]

IT IS SO ORDERED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

---

[7]The Court notes that, in addition to arguing that AIFC waived the Judgment Argument by not raising it at the pleading stage, Senn argues that AIFC waived the argument by not including it in its own summary judgment motion. [Doc. 70 at 4–5.] The Court disagrees. The parties have had a full and fair opportunity to address the Judgment Argument. *See, e.g., Dur v. W. Branch Diesel, Inc.*, 240 F. App'x 568, 573, n.1 (4th Cir. 2007) (rejecting plaintiff's argument—that defendant waived its argument by raising an issue for the first time in its reply brief to his opposition brief to the motion for summary judgment—because "in the face of a properly supported motion for summary judgment, as was the case here, Plaintiff was obligated to come forward with any and all such evidence to support his negligence cause of action" and because the parties' memoranda "contained sufficient legal argument regarding Subcontractor's lack of a legal duty owed to Plaintiff to put Plaintiff on notice that it should have come forward with any evidence it had").

[8]The Court will issue a separate order to the parties setting forth a scheduling order regarding the remaining claims in this matter.

February 4, 2020
Greenville, South Carolina